Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8943 | **DATE** | 4/17/2013 |
| **CASE TITLE** | Carl Gallo, Jr. (B-18014) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion in opposition to Defendant's motion for summary judgment [#47] is construed as a Fed. R. Civ. P. 56(d) motion to conduct discovery. The Court grants the motion. By May 15, 2013, Plaintiff should forward discovery requests to counsel for Defendant, who should respond by June 14, 2013. Discovery shall close on June 28, 2013. Defendant's motion for summary judgment [#34] is denied without prejudice to Defendant refiling it after discovery is closed. Plaintiff's motion to compel [24] is denied as moot. His motion for representation by counsel [30] is denied without prejudice. A status hearing is set for 5/1/2013 at 9:00 a.m. Defendant's counsel shall make arrangements for Plaintiff to participate by telephone.

■[ For further details see text below.]     Docketing to mail notices.

# STATEMENT

Pending before this Court is a motion for summary judgment filed by former Stateville Correctional Center Warden Marcus Hardy, the only named defendant in this case. Plaintiff's motion in opposition to the summary judgment motion is actually a motion to conduct additional discovery to respond to the summary judgment motion. *See* Fed. R. Civ. P. 56(d) (a court may defer ruling on a motion for summary judgment or deny it "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). Plaintiff's motion is granted to allow him to conduct discovery in accordance with this order. The following discussion is provided to assist Plaintiff with conducting discovery, as well as responding to the summary judgment motion.

Plaintiff's complaint alleges that delays with receiving and sending mail at Stateville during his confinement there between 2006-2011 violated his constitutional rights. His complaint asserts, and he testified in his deposition about, instances where (1) nonlegal mail, both incoming and outgoing, was delayed for several weeks and (2) legal mail was also delayed and opened outside his presence. As noted in this Court's preliminary-review order, Plaintiff may be able to establish a violation of his First Amendment right if he can demonstrate a systemic pattern and practice of delaying or tampering with inmate mail. *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Lieberman v. Budz*, No. 03 C 2009, 2009 WL 1437609 at *12-13 (N.D. Ill. May 20, 2009) (Gettleman, J.) (noting that sporadic or short-term delays is insufficient to establish a constitutional violation) (a copy of this case is attached as Exhibit A to Def.'s Memorandum in Support of Motion for Summary Judgment). With respect to legal mail, Plaintiff may be able to establish a valid claim if he can demonstrate that delay, non-delivery, opening, or tampering with his mail affected his right of access to the courts, i.e., prejudiced his ability to assert or litigate a non-frivolous claim in court. *Lieberman*, 2009 WL 1437609 at *12.

In his motion to conduct discovery, Plaintiff states that he received the names of mailroom employees, but that he wants information about "dates, shifts, duties, and time that each defendant worked in the mailroom" to amend his complaint. (Doc. #47, Pl. Aff. ¶ 8.) He further seeks to take the deposition of Hardy and the mailroom employees and obtain declarations from other inmates about delays they experienced. (*Id*. at ¶¶ 11-12.) Plaintiff also wants to add claims of retaliation, cruel and unusual punishment, and unsanitary conditions. (*Id*. at ¶ 9.)

| STATEMENT |
|---|

Much of the discovery Plaintiff seeks to conduct does not appear to seek evidence to support his claims of delayed and opened mail. As noted above, to establish his claim and respond to the summary judgment motion, Plaintiff must demonstrate a systemic pattern with mail being delayed or undelivered and that opening or tampering with his legal mail affected his right of access to the courts. If Plaintiff seeks information about mailroom procedures with incoming and outgoing mail, including the length of time to perform such procedures, he may forward interrogatories (written questions) and/or requests for production of documents (perhaps for any written mailroom policies and procedures) to Defendant Hardy through his attorney. Given that Plaintiff's claims involve establishing a systemic pattern, Hardy should be an appropriate party to provide such information. *Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996) (a supervisory official, such as a prison warden, can "be expected to know of or participate in creating systemic, as opposed to localized, situations); *Williams v. Hardy*, No. 11 C 4838, 2012 WL 1719181 at *3 (N.D. Ill. May 15, 2012) (Guzman, J.) (a warden may know of long standing problems about inmate mail).

Plaintiff may not conduct discovery for issues unrelated to his claims about mail at Stateville. *See Marion v. Columbia Correctional Inst.*, No. 07-C-243-C, 2007 WL 5346872 at *1(W.D. Wis. June 18, 2007) (Crabb, J.) (a plaintiff may not bring completely new claims in an amended complaint); *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (courts have authority to control their dockets). Plaintiff cannot change or add claims at this stage of this case.

With respect to Plaintiff's motion to compel, the motion seeks the names of Stateville mailroom supervisors and employees, which has already been provided to him. The motion to compel is thus moot.

As to Plaintiff's motion for representation by counsel, the Court denies the motion without prejudice. Plaintiff's pleadings and participation in this case thus far demonstrate that he is competent to represent himself at this time. Furthermore, the discovery in this case should not be overly complex, and the above discussion provides him guidance. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007).